ATTACHMENT A
PROPERTY TO BE SEARCHED

The SUBJECT PREMISES is located at 17 Heather Lane, Bridgewater, MA.  The residence, pictured below, is a 2-story townhouse-style condo located on Heather Lane.  The SUBJECT PREMISES  is accessed through the front door, which faces Heather Lane and has the number "17" affixed to the right in black numerals.



ATTACHMENT B
ITEMS TO BE SEIZED AND SEARCHED

I.  All records, in whatever form, and tangible objects that constitute evidence, fruits, or

instrumentalities of violations of 18 U.S.C. §§ 2252A(a)(2) and (b)(1) (Attempted Receipt

of Child Pornography) and 2252A(a)(5)(B) and (b)(2) (Access with Intent to View and

Possession of Child Pornography, and attempt), including:

   A.  Records and tangible objects pertaining to the following topics:

      1.  Images or visual depictions of child pornography;

      2.  Child erotica, including text, images, and visual depictions;

      3.  Communications about child pornography or sexual activity with or sexual
          interest in minors;

      4.  Internet activity reflecting a sexual interest in minors or child pornography;

      5.  Information concerning the identity of any unidentified minor depicted in
          child pornography, child erotica, sexual activity with other minors or adults,
          or any material concerning the sexualization of minors, or any information
          that may be helpful in identifying any such unidentified minor;

      6.  Address books (virtual and physical), names, and lists of names and
          addresses of individuals who may have been contacted by use of the
          computer or by other means for the purpose of committing violations of the
          subject offenses;

      7.  Membership in online groups, clubs, or services that provide, make
          accessible, or otherwise concern child pornography; and

      8.  The existence of e-mail accounts, online storage, or other remote computer
          storage.

   B.  Records and tangible objects pertaining to the existence, identity, and travel of any
       co-conspirators, as well as any co-conspirators' acts taken in furtherance of the
       crimes listed above;

   C.  Records and tangible objects relating to the ownership, occupancy, or use of the
       premises to be searched (such as utility bills, phone bills, rent/mortgage payments,
       photographs, insurance documentation, receipts, and check registers);

   D.  For any computer hardware, computer software, mobile phones, or storage media
       called for by this warrant or that might contain things otherwise called for by this

warrant ("the computer equipment"):

1.      evidence of who used, owned, or controlled the computer equipment;

2.      evidence of the presence or absence of malicious software that would allow others to control the items, and evidence of the presence or absence of security software designed to detect malicious software;

3.      evidence of the attachment of other computer hardware or storage media;

4.      evidence of counter-forensic programs (and associated data) that are designed to eliminate data;

5.      evidence of how and when the computer equipment was used or accessed;

6.      records of or information about any Internet Protocol addresses used;

7.      passwords, encryption keys, and other access devices that may be necessary to access the computer equipment;

8.      contextual information necessary to understand the evidence described in this attachment;

9.      records and tangible objects pertaining to accounts held with companies providing Internet access or remote storage; and

II.     All computer hardware, computer software, and storage media.  Off-site searching of

these items shall be limited to searching for the items described in Paragraph I.

**DEFINITIONS**

For the purpose of this warrant:

A.      "Computer equipment" means any computer hardware, computer software, mobile phone, storage media, and data.

B.      "Computer hardware" means any electronic device capable of data processing (such as a computer, smartphone, cell/mobile phone, or wireless communication device); any peripheral input/output device (such as a keyboard, printer, scanner, monitor, and drive intended for removable storage media); any related communication device (such as a router, wireless card, modem, cable, and any connections), and any security device, (such as electronic data security hardware and physical locks and keys).

C.      "Computer software" means any program, program code, information or data stored in any form (such as an operating system, application, utility, communication and data security software; a log, history or backup file; an encryption code; a user name; or a password), whether stored deliberately, inadvertently, or automatically.

D.      "Storage media" means any media capable of collecting, storing, retrieving, or transmitting data (such as a hard drive, CD, DVD, or memory card).

E.      "Data" means all information stored on storage media of any form in any storage format and for any purpose.

F.      "A record" is any communication, representation, information or data.  A "record" may be comprised of letters, numbers, pictures, sounds, or symbols.

G.      "Child Pornography," as defined in 18 U.S.C. § 2256(8)(A), means any visual depiction, including any photograph, film, video, picture, or computer or computer-generated image or picture, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct.

H.      "Child Erotica" means materials or items that are sexually arousing to persons having a sexual interest in minors but that are not, in and of themselves, obscene or that do not necessarily depict minors in sexually explicit poses or positions; this also includes texts or discussions regarding minors engaged in sexual acts or conduct.

## EXECUTION

Searching agents will endeavor to search and seize only the computer equipment which, upon reasonable inspection and/or investigation conducted during the execution of the search, reasonably appear to contain the evidence authorized by this warrant, as outlined above.  If, however, the law enforcement agents cannot make a determination as to use or ownership regarding any particular device, the law enforcement agents will seize and search that device pursuant to the probable cause established herein.

3

## RETURN OF SEIZED COMPUTER EQUIPMENT

If the owner of the seized computer equipment requests that it be returned, the government will attempt to do so, under the terms set forth below.  If, after inspecting the seized computer equipment, the government determines that some or all of this equipment does not contain contraband or the passwords, account information, or personally-identifying information of victims, and the original is no longer necessary to retrieve and preserve as evidence, fruits or instrumentalities of a crime, the equipment will be returned within a reasonable time, if the party seeking return will stipulate to a forensic copy's authenticity (but not necessarily relevancy or admissibility) for evidentiary purposes.

If computer equipment cannot be returned, agents will make available to the computer system's owner, within a reasonable time period after the execution of the warrant, copies of files that do not contain or constitute contraband; passwords, account information, or personally-identifying information of victims; or the fruits or instrumentalities of crime.

For purposes of authentication at trial, the Government is authorized to retain a digital copy of all computer equipment seized pursuant to this warrant for as long as is necessary for authentication purposes

4