UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| IN RE MOTION TO UNSEAL | ) | 20-mj-4234 |
| TWO SEARCH WARRANTS AND RELATED | ) | 19-mj-4539 |
| DOCUMENTS | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 20-40036-MRG |
| VINCENT KIEJZO, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 20-10012-IT |
| PAUL BATEMAN, | ) | |
| | ) | |
| Defendant | ) | |
| _____ | ) | |

## ORDER ON MOTIONS TO UNSEAL

February 21, 2024

Hennessy, M.J.

The Court has received two virtually identical letters from a one Robert White, who

identifies himself as a public citizen, and who provides an address which is assigned to a UPS

retail store in Louisville, Kentucky.  In one letter, Mr. White moves to unseal a search warrant and

1

related documents assigned docket number 20-mj-4234 issued in a pending criminal prosecution, United States v. Vincent Kiejzo, 20-40036.  In the other Mr. White moves to unseal a search warrant and related documents assigned docket number 19-mj-4539, issued in United States v. Paul Bateman, 20-CR-10012, also pending.[1]  In each letter, Mr. White presses the right of public access to documents issued in criminal prosecutions, acknowledging that documents may be sealed if there is an overriding interest requiring secrecy.  Mr. White also asserts that much of the information he moves to unseal is already in the public domain and that "cases of the same nature … are already unsealed," listing 15 unsealed cases in his letters.

Each prosecution involves charges of child pornography, and, as the portions of affidavits I order unsealed show, the defendant in each case allegedly accessed specific child pornography websites available only on the so-called Dark Web.  The websites themselves which defendants allegedly accessed are not identified by name, but they are described in detail.

For the reasons stated below, the motion to unseal the search warrants and related documents is granted in part and denied in part.

**Law**

The public has a common-law right of access to judicial documents.  *Nixon v. Warner Comms., Inc.*, 435 U.S. 589, 597 (1978); *In re Providence J. Co., Inc.*, 293 F.3d 1, 9 (1st Cir. 2002).  Such a right is not absolute and has been subordinated to a court's discretion to ensure that its records are not used for an improper purpose.  *Nixon*, 435 U.S. at 598 (citing examples).  The public also enjoys a constitutional right of access to criminal proceedings under the First and Fourteenth Amendment.  *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555, 575-81 (1980).  This constitutional right of access encompasses documents and "kindred materials" submitted in

---

[1]  Insofar as Mr. White moves to unseal these cases beyond the search warrants, they are public matters and unsealed; hence, the motion is denied as moot.

connection with the prosecution and defense of criminal proceedings. *In re Providence J.*, 293 F.3d at 10.

The constitutional presumption in favor of access is overcome only by "an overriding interest based on findings that closure is essential to preserve higher values and is narrowly tailored to serve that interest." *Press-Enterprise Co. v. Super. Ct.*, 464 U.S. 501, 510 (1984). Thus, a court evaluating a request based on the right to access would "normally be expected to [first] identify and balance the competing interests," and secondly, "weigh reasonable alternatives to sealing," such as redaction. *In re Providence J.*, 293 F.3d at 13. These evaluations are case-specific, and each circumstance may require the implementation of different safeguards. *See id.* at 12-13.

Courts have found several competing interests substantial enough to override the public's right to access. For example, protecting the victims of sex crimes from the trauma and embarrassment of public scrutiny outweighs the public's interest in access to information. *See Press-Enterprise Co.*, 464 U.S. at 511-12 (discussing the possibility of closing *voir dire* proceedings to protect the privacy of prospective jurors for a case involving sexual assault against a teenager); *United States v. Dobson*, No. 87-cr-1222, 1987 WL 11147, at *5-6 (D. Mass. Mar. 13, 1987) (citing *Press-Enterprise Co. v. Super. Ct.*, 478 U.S. 1, 9 n.2 (1986)) (redacting victims' names from a criminal complaint to protect the victims' identity). Additionally, protecting ongoing criminal investigations, even related or future investigations, can override the public's right of access, especially when the investigation is yet to conclude, or covert investigative techniques are described in the requested documents. *Times Mirror Co. v. United States*, 873 F.2d 1210, 1218 (9th Cir. 1989) (finding no First Amendment right of access to search warrants and other materials when investigation was ongoing and indictments had not been returned); *In re Reporters Committee for Freedom of the Press to Unseal Criminal Prosecution of Assange*, 357

F. Supp. 3d 528, 535 (E.D. Va. 2019) (refusing to release criminal complaints or indictments when the defendant had not been formally charged to prevent flight of accused, destruction of evidence, interfering with prosecution, or protecting the public); *In re Sealed Search Warrant*, 622 F. Supp. 3d 1257, 1261-62 (S.D. Fla. 2022) (citing cases) (allowing the government to redact a search warrant affidavit because unsealing would reveal witnesses' identities and investigative techniques, sources and methods, which would have compromised ongoing or future criminal investigation); *United States v. Milken*, 780 F. Supp. 123, 127-28 (S.D.N.Y. 1991) (finding that the public had no right of access to "stale" information in a sealed motion for a reduced sentence based on the movant's cooperation, because the stale information would reveal the subjects of ongoing, related, or future investigations).

As for alternatives to sealing, limited redactions are generally favored over wholesale sealing of documents. *In re Providence J.*, 273 F.2d at 15 (collecting cases). However, sealing entire documents is preferable when it is impossible to redact the document and preserve anything meaningful or intelligible. *See In re Associated Press*, No. 22-cv-00111, 2023 WL 5671289, at *7 (S.D. Tex. Sept. 1, 2023) (citing *United States v. Amodeo*, 71 F.3d 1044, 1052 (2d Cir. 1995)) (sealing an entire search warrant because "virtually every sentence" contained covert investigative techniques that had to remain protected).

**Analysis**

Having received Mr. White's request, I directed the United States and each Defendant to indicate whether the motion to unseal could be granted. In a collective response regarding 20-mj-4234, both sides indicated that the motion could be granted only if matter in the affidavit were redacted, specifically paragraphs 21(a) - (b), 22(a) – (c), and 29(a) – (c). These paragraphs describe images of children engaged in sexually explicit conduct. There is a significant possibility that

disclosure of the images of such children would be detrimental to them. *See* 18 U.S.C. § 3509(d)(3). Additionally, public access to these paragraphs could retraumatize or further embarrass the children. *See Press-Enterprise Co.*, 464 U.S. at 511-12. Protecting the victims from further embarrassment, trauma, and harm outweighs the public's right to the descriptions of child pornography recounted in these paragraphs. Furthermore, redacting paragraphs 21(a) – (b), 22(a) – (c), and 29(a) – (c) is a narrowly tailored safeguard that serves this interest while still honoring the public's right of access. These paragraphs shall remain sealed.

The United States also asserts that paragraphs 15 through 38 should remain sealed, as these describe in detail two child pornography websites on the dark web which Defendant Keijzo allegedly accessed, how such websites can be accessed, and how the United States learned of the existence of these websites. The United States represents that there are ongoing investigations involving these two websites. The United States cautions that individuals who access child pornography through the Dark Web may be able to use the detailed descriptions in the affidavit to identify these two websites, and such identification could lead to the destruction of physical or digital evidence. Defendant, on the other hand, does not oppose unsealing these paragraphs (except as noted) because, he asserts, the information is already in the public domain.

In my view, the interest of the United States in investigating and prosecuting crimes against children outweighs the public's interest in disclosure. As a general matter, as noted, the government's interest in protecting related investigations by redacting investigative techniques or sources has been recognized as outweighing the public's right to access. *Milken*, 780 F. Supp. at 127-28; *In re Sealed Search Warrant*, 622 F. Supp. 3d at 1262 (noting that legitimate governmental concerns include whether "law enforcement's ability to use certain investigative techniques in the future may be compromised" or whether "there will be an increased risk of obstruction of justice"

if the public was aware of "the investigative sources or methods").  To be sure, if, as Defendant asserts, the information is already in the public domain, the protection sealing these paragraphs offers to ongoing investigations may be marginal, and insofar as the information is already available, the public's right of access is vindicated.  However, in my view, given the primacy of protecting children from sexual predators through ongoing criminal investigations, even a marginal benefit warrants relegating the public's right to information.  Should ongoing protection prevent even a single instance of child abuse, it is worth the price the public pays in any restraint on access.  Given the need for narrowly tailored safeguards in the face of the public's constitutional right of access, I will limit the sealing to Paragraphs 15 through 35 until such time as investigations involving these websites are concluded.  The United State shall file a status report in one year from the date of this order, indicating whether Paragraphs 15 through 35 can be unsealed.  Further, I do not agree with the United States that Paragraphs 36 through 38 need to remain sealed.  Redacting only paragraphs 15 through 35 until the related investigations conclude is a narrowly tailored safety measure that serves the government's interest in protecting ongoing criminal investigation while allowing the public access to these documents.

Similarly, in a collective response regarding 19-mj-4539, both sides indicated that the motion could be granted only if information in the affidavit was redacted, specifically paragraphs 20(b) and (c), and 21(a) – (c).  These paragraphs describe images of children engaged in sexually explicit conduct.  Here again, I find that there is a significant possibility that disclosure of the images of such children would be detrimental to them and/or cause the children further embarrassment or trauma.  They shall remain sealed.  *See* 18 U.S.C. § 3509(d)(3).  The United States also asserts that paragraphs 14 through 29 should remain sealed, as these describe in detail a child pornography website on the Dark Web which Defendant Bateman allegedly accessed, how

such a website can be accessed, and how the United States learned of its existence.  The United States represents that there are ongoing investigations involving use of this website.  Defendant, on the other hand, does not oppose unsealing these paragraphs (except as noted) because, he asserts, the information is already in the public domain.  For the reasons stated above, I find that the interest in investigating and prosecuting child sexual abuse outweighs any marginal interest in unsealing the paragraphs (particularly if, as Defendant suggests, the information is already in the public domain).  However, I will limit the sealing to Paragraphs 14 through 27; I disagree with the United States that paragraphs 28 and 29 need to remain sealed.  The United State shall file a status report in one year from the date of this order, indicating whether Paragraphs 14 through 27 can be unsealed.

**Conclusion**

The resolution of the instant request to unseal involves harmonizing three important interests: the right of the public access, the privacy of victims of child abuse, and the ability of the United States to investigate and prosecute crimes against children.  For the foregoing reasons,

The motion to unseal docket number 20-mj-4234 is granted except that paragraphs 15 through 38 shall remain under seal.  The United State shall file a status report in one year from the date of this order, indicating whether Paragraphs 15 through 35 can be unsealed.  The affidavit shall be put on the public docket with the redactions proposed by the United States, except that paragraphs 36, 37 and 38 shall also be unsealed.

The motion to unseal docket number 19-mj-4539 is granted except that paragraphs 14 through 27 shall remain under seal.  The affidavit shall be put on the public docket with the redactions proposed by the United States except that paragraphs 28 through 30 shall also be

7

unsealed.   The United State shall file a status report in one year from the date of this order, indicating whether Paragraphs 14 through 27 can be unsealed.


 /s/ David H. Hennessy
David H. Hennessy
United States Magistrate Judge